IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Amanda Acevedo, on behalf of Nilo Richard Acevedo, | ) ) ) |
| Plaintiff, | ) Civil Action No. 0:12-2137-TMC ) ) |
| vs. | ) **ORDER** ) |
| Carolyn W. Colvin,[1] Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) ) |

Plaintiff, Amanda Acevedo ("Plaintiff"), brought this action on behalf of the deceased claimant, Nilo Richard Acevedo ("Acevedo"), under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying the decedent's claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA").[2]  This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 17.)[3]  The Report recommends that the Commissioner's final decision be reversed and remanded to the Commissioner for further proceedings consistent with the Report.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] While the matter was pending before the Appeals Council action, Nilo Acevedo passed away and his adult daughter, Plaintiff Amanda Acevedo, was substituted as the party prosecuting this action.

[3] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Background

Acevedo filed an application for disability insurance benefits in October 2009, alleging that he became unable to work on August 1, 2009. His application was denied initially and on reconsideration. Acevedo requested a review by an administrative law judge ("ALJ") and a hearing was held before an ALJ on April 13, 2013.

On May 25, 2011, the ALJ denied Acevedo's claims finding he was not disabled prior to April 13, 2011, but became disabled on that date. The ALJ found that Acevedo suffered from the following severe impairments: degenerative disc disease, lumbar spine, with radiculopathy and chronic low back pain; degenerative joint disease, right hand, with loss of extension in the right thumb and loss of range of motion in wright wrist; hypertension; hepatitis C; status-post rotator cuff repair, left shoulder, with pain; status-post ulnar nerve surgery, left elbow; depression; and anxiety. However, the ALJ found that Acevedo's impairments did not meet or were medically equal to the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Acevedo's residual functional capacity ("RFC"). The ALJ found that Acevedo was limited to a low stress job, defined as requiring only occasional decision-making with no fast-paced production or work or fast-pace work, and that he would also be limited to work involving the performance of simple, routine, and repetitive tasks and to only occasional interaction with the public. The ALJ found Acevedo could not perform his past relevant work. However, the ALJ found that prior to April 13, 2011, the date Acevedo's age category changed, there were jobs that existed in significant numbers in the national economy that he could have performed and, therefore, denied his claim.

The Appeals Council declined to review the ALJ's decision on June 1, 2012, after considering additional information.  Plaintiff filed this action for judicial review on July 31, 2012.  In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference.  Commissioner filed objections to the Report on December 12, 2013 (ECF No. 20), and Plaintiff filed a response to those objections on December 30, 2013 (ECF No. 21).  This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. Analysis

Plaintiff raises four issues:

1) Improper reliance on vocational expert testimony. A conflict exists between the VE's testimony and the DOT[.] Regulations require that when such a conflict exists, the ALJ must seek clarification. Where an adverse decision relies on a vocational opinion, and where that vocational opinion is inconsistent with the DOT, must the case be remanded in order to reconcile the testimony?

2) Treating physicians' opinions are entitled to great weight in the absence of compelling contrary evidence and may be entitled to controlling weight. The ALJ improperly gave little weight to portions of Dr. Godenick's opinions which supported a finding of disability. Where the ALJ improperly disregards the opinions of a treating physician, can his decision be supported by substantial evidence?

3) Opinion evidence. The ALJ is required to evaluate all relevant medical evidence, including opinions from "other" medical sources. Here, the ALJ failed to properly evaluate the opinion of treating source, Debbie Milling, LMSW. This opinion supports a finding of disability. Where the ALJ improperly discounts a medical opinion, can his decision be supported by substantial evidence?

4) Credibility. In assessing a claimant's credibility the ALJ's decision must contain specific reasons for his finding, supported by the evidence in the case record. When the ALJ fails to provide specific reasons for his credibility determination, can his decision be based on substantial evidence?

(ECF No. 12 at 2, Pl.'s Br. at ii). Analyzing only the first issue, the magistrate judge recommends reversing and remanding the action to the Commissioner. In light of this recommendation, the magistrate judge did not address Plaintiff's remaining issues. The Commissioner has filed objections. After a careful review of the record, the Report, and the objections, and Plaintiff's Response, the court declines to adopt the Report, and instead recommits this action to the magistrate judge for review of Plaintiff's remaining issues.

In the first issue, plaintiff contends that the ALJ improperly relied on the vocational expert's ("VE") testimony. Specifically, Plaintiff contends that a conflict exists between the VE's testimony and the Dictionary of Occupational Titles ("DOT") and, when such a conflict exists, the ALJ must seek clarification.

4

At the hearing, the ALJ described the following hypothetical to the VE with Acevedo's age, education, work history, and RFC (R. 77-78):

> And the use of the upper extremities is as follows: on the right, it is occasional; on the left, it is frequent but let me point out something from that. The overhead is limited to occasional for both the left and the right . . . . Overhead reaching is limited, as I have previously indicated on a bilateral basis to occasional . [INAUDIBLE] to just gross manipulation is limited as follows: On the right to occasional and on the left to frequent. Gross finger and fine manipulation is limited as follows: On the left it is frequent. On the right it is occasional. This involves handling or manipulating items which are no smaller that the size of a paperclip.

(R. 75-76). The VE responded that an individual with those limitations could not perform Acevedo's past relevant work, but he continued that at the unskilled sedentary level, he believed that there would be some assembler jobs that Acevedo could perform some assembler jobs, DOT #739-684-094, with 800 positions regionally and 110,000 nationally; some inspecting jobs, DOT # 26.684-050, with 900 positions regionally and 194,000 nationally; and some machine operator jobs, DOT # 690.685-194, with 7,800 positions regionally, and 110,000 nationally. (R. 77-78). The ALJ asked the VE to add that the individual is right-hand dominant and the VE responded that his response would not change. The ALJ then further limited the individual's work pace. The VE responded, "I believe that those jobs would still exist, Your Honor. I had initially reduced the numbers I indicated by approximately 50 percent. If we were to look at no face-paced type work, I think that we would be looking at another 30 percent reduction in the numbers." (R. 79). The VE also testified that he relied upon the DOT, Selected Characteristics of Jobs, and Department of Labor publications in arriving at his opinions.[4] He stated that the jobs he cited were consistent with the terms and descriptions in the DOT. (R. 81).

The ALJ found Plaintiff was unable to perform his past relevant work beginning on April 13, 2011, the date that Plaintiff's age category changed. Prior to April 13, 2011, however, the

---

[4] The correct title is the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO").

ALJ concluded that Plaintiff was not disabled based upon the VE's testimony. (R. 43). The ALJ noted that, pursuant to by Social Security Ruling ("SSR") 00-4p, the VE's testimony was consistent with the DOT. (R. 43).

On appeal, Plaintiff argues that the SCO states that all of the jobs identified by the VE require frequent or constant handling and reaching, which is inconsistent with the limitations included in Acevedo's RFC. (Pl.'s Br. at 22-23, ECF No. 12 at 26-27). Plaintiff cites *Gosnell v. Astrue*, 2011 WL 124449 (D.S.C. 2011). Further, Plaintiff contends that the ALJ erred because there was, in fact, an inconsistency to which no explanation was inquired. In response, the Commissioner contends that *Gosnell* is distinguishable because in *Gosnell* the ALJ did not ask the VE whether his testimony was inconsistent with the DOT, and here the ALJ asked the VE if his testimony was consistent with the terms and descriptions in the DOT. Further, the Commissioner contends that the VE reduced the jobs by fifty percent to account for Acevedo's RFC, which would reconcile his testimony with the DOT.

The magistrate judge found that there was a conflict between the VE's testimony and the applicable occupational sources, and stated she was constrained to recommend that the matter be remanded for further development of the record. (Report at 10).

In her objections, the Commissioner contends that the magistrate judge erred by finding the ALJ erred in relying on the VE's testimony and not addressing a conflict between the VE's testimony and the DOT, as required by SSR 00-4p.

SSR 00-4p provides, in pertinent part:

> When a [VE] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT. In these situations, the adjudicator will:
>
> Ask the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT; and

6

> If the VE's . . . evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.
>
> When vocational evidence provided by a VE . . . is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE . . . evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00–4p, 2000 WL 1898704, at *4.

Pursuant to SSR 00-4p, an ALJ must elicit a reasonable explanation for any apparent unresolved conflict between the VE evidence and the DOT before relying on the VE's testimony. *Fisher v. Barnhart*, 181 Fed. Appx. 359, 365-66 (4th Cir. 2006) (unpublished). However, the Fourth Circuit has held that this SSR does not require an ALJ to uncover conflicts between the VE's testimony and DOT evidence, but rather requires the ALJ to inquire only if apparent conflicts exist between a VE's testimony and the DOT and to resolve such discrepancies. *Justin v. Massanari*, 20 F.App'x 158 *2 (4th Cir. 2001)(unpublished). *See also Stuckey v. Colvin*, C/A No. 2:12cv386, 2013 WL 6185837 (E.D.Va. Nov. 25, 2013); *Smith v. Colvin*, C/A No. 3:13-cv17, 2013 WL 5966427 (N.D.W.Va. Nov. 8, 2013) (holding that SSR 00-4p does not require an ALJ to conduct an independent investigation and an ALJ is not required to explain how a conflict was resolved if 'the plaintiff did not bring the vocational expert's mistake to the ALJ's attention.'") (*quoting Boggs v. Astrue*, C/A No. 2:12-cv-25, 2012 WL 5494566 (N.D.W.Va. Nov.13, 2012));  *Roberts v. Astrue*, C/A No. 1:11-cv-00236, 2013 WL 663306, * 9 (W.D.N.C. Feb. 22, 2013)(holding that while SSR 00-4p requires the ALJ to inquire as to any possible conflict between the VE evidence and the DOT, failure to do so is not automatically reason for remand);  *Martell v. Comm'r of Soc. Sec.*, C/A No. 2:10-cv-44, 2011 WL 53186 (N.D.W.Va. Jan.7, 2011) (explaining that *Justin* is "an unpublished Fourth Circuit case holding that an ALJ must only address evident discrepancies between a VE's testimony and

the DOT, but is not obligated to uncover discrepancies."). Once the ALJ fulfills its affirmative responsibility to inquire about possible conflicts and, if necessary, resolve reasonably explained conflicts, the ALJ may accept the VE's testimony in its consideration of whether there is substantial evidence of disability. *Stuckey v. Colvin*, 2013 WL 6185837 *3 n.3 (internal citations and quotations omitted).

Aside from the fact that the holdings in the cases cited by the magistrate judge are not controlling upon this court, the facts of these cases are also distinguishable from the instant action. In *Overman v. Astrue*, the Seventh Circuit held that when a conflict is identified in the VE's testimony, the ALJ is required to investigate further. *Overman v. Astrue*, 546 F.3d 456 (7th Cir. 2008). Moreover, in *Overman,* the court held that where claimant's counsel did not identify a conflict at the hearing, the claimant must show that the conflict was obvious enough that the ALJ should have picked up on it without any assistance. *Overman,* 546 F.3d at 462-63.[5] Likewise, in *Leonard v. Astrue*, 487 F.Supp.2d 1333, 1340 (M.D. Fla. 2007), cited by the magistrate judge, because "the ALJ did not acknowledge the *apparent* conflict between the VE's testimony and the DOT," the case was remanded to resolve the existing conflict. *Id.* (emphasis added).

The question, then, is whether here there was a conflict between the VE's testimony and the DOT that was so apparent that the ALJ should have picked up on it without any assistance. *See e.g., Overman*, 546 F.3d at 463–65 (finding an apparent conflict where the VE gave different answers regarding whether jobs were available for similar hypotheticals on direct and cross examination); *Dross-Swart v. Astrue*, 872 F.Supp.2d 780, 798–801, 2012 WL 1946578, at *18-19 (N.D.Ind. 2012) (finding an apparent conflict where the ALJ determined the claimant could not be exposed to moderate noise and the positions cited require exposure to moderate or loud

---

[5] The court notes that counsel did cross-examine the VE. (R. 83-88).

8

noise). Conflicts less obvious than the one in this case have not been found apparent. *See, e.g., Russell v. Astrue,* C/A No. 09-C-57-02, 2012 WL 645937, at *16-17 (N.D.Ill. Feb. 24, 2012) (finding no apparent conflict where the ALJ asked whether jobs exist for a person who could perform only sedentary work with a sit/stand option but the DOT describes sedentary work as including occasional standing and walking).

The VE considered this information, identified several jobs in the national economy that Acevedo could perform, and stated that his testimony was consistent with the DOT and SCO. Plaintiff's attorney failed to raise any objection to the VE's testimony and did not identify any discrepancies between the VE's testimony and the DOT and SCO. The court does not discern such an apparent unresolved conflict between the VE's testimony and the DOT. The court concludes that the ALJ's inquiry into the consistency of the VE's testimony and the DOT was sufficient. Accordingly, the court finds that the ALJ properly inquired as to whether there was a conflict between the VE's testimony and the DOT, and with no apparent conflict, was not obligated to further independently investigate.

Accordingly, the court declines to adopt the Report, and this action is **RECOMMITTED** to the Magistrate Judge for further review of Plaintiff's remaining issues.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

January 16, 2014
Anderson, South Carolina

9