IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Amanda Acevedo, on behalf of Nilo Richard Acevedo,<br><br>                       Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin,[1] Acting Commissioner of Social Security,<br><br>                       Defendant. | Civil Action No. 0:12-2137-TMC<br><br>**ORDER** |

Plaintiff, Amanda Acevedo ("Plaintiff"), brought this action on behalf of the deceased claimant, Nilo Richard Acevedo ("Acevedo"), under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying the decedent's claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA").[2]  This matter is before the court for review of the Supplemental Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 27.)[3]  The Report recommends that the Commissioner's final decision be affirmed.[4]

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] While the matter was pending before the Appeals Council action, Nilo Acevedo passed away and his adult daughter, Plaintiff Amanda Acevedo, was substituted as the party prosecuting this action.

[3] On January 16, 2014, the court declined to adopt the first Report and Recommendation filed in this action (ECF No. 17), which recommended remanding the action to the Commissioner and addressed only one issue raised by Plaintiff. The court recommitted the matter to the magistrate judge to address the remaining issues. (ECF No. 23).

[4] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate

1

## I. Background

Acevedo filed an application for disability insurance benefits in October 2009, alleging that he became unable to work on August 1, 2009. His application was denied initially and on reconsideration. Acevedo requested a review by an administrative law judge ("ALJ") and a hearing was held before an ALJ on April 13, 2013.

On May 25, 2011, the ALJ denied Acevedo's claims finding he was not disabled prior to April 13, 2011, but became disabled on that date. The ALJ found that Acevedo suffered from the following severe impairments: degenerative disc disease, lumbar spine, with radiculopathy and chronic low back pain; degenerative joint disease, right hand, with loss of extension in the right thumb and loss of range of motion in wright wrist; hypertension; hepatitis C; status-post rotator cuff repair, left shoulder, with pain; status-post ulnar nerve surgery, left elbow; depression; and anxiety. However, the ALJ found that Acevedo's impairments did not meet or were medically equal to the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Acevedo's residual functional capacity ("RFC"). The ALJ found that Acevedo was limited to a low stress job, defined as requiring only occasional decision-making with no fast-paced production work or fast-pace work, and that he would also be limited to work involving the performance of simple, routine, and repetitive tasks and only occasional interaction with the public. The ALJ found Acevedo could not perform his past relevant work. However, the ALJ found that prior to April 13, 2011, the date Acevedo's age category changed, there were jobs that existed in significant numbers in the national economy that he could have performed and, therefore, denied his claim.

---

judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Appeals Council declined to review the ALJ's decision on June 1, 2012, after considering additional information. Plaintiff filed this action for judicial review on July 31, 2012. In her Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. (ECF No. 27). Plaintiff filed objections to the Report on February 14, 2014 (ECF No. 30), and the Commissioner filed a response to those objections on March 3, 2014 (ECF No. 32). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

On appeal, Plaintiff raises the following issues: 1) whether the ALJ improperly gave little weight to portions of Dr. Constance Godenick's opinions; 2) whether the ALJ properly evaluated the opinion of treating source, Debbie Milling, LMSW; and 3) whether the ALJ's properly assessed Acevedo's credibility. (ECF No. 12 at 2, Pl.'s Br. at ii).[5] The magistrate judge found that Plaintiff had not shown that the ALJ's decision to discount Dr. Godenick's opinion was unsupported by substantial evidence, the ALJ did not improperly discount the opinion of Milling, and the ALJ did not err in assessing Acevedo's credibility. In her objections, Plaintiff contends that the magistrate judge erred in recommending that the ALJ's decision be affirmed on these issues.

First, Plaintiff contends that the ALJ erred in properly weighing an opinion of a treating physician, Dr. Godenick. The ALJ referred to two opinions of Dr. Godenick in which she opined that Acevedo's non-exertional limitations would affect his ability to concentrate. The ALJ gave this portion of her opinion little weight, finding that Dr. Godenick relied upon Acevedo's subjective reports and, furthermore that Dr. Godenick's opinion rested, at least in part, on an area outside of her expertise. Substantial evidence supports the ALJ's decision to this determination. The Fourth Circuit has held that an ALJ may give little weight to a medical opinion based solely on subjective complaints. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th

---

[5] Plaintiff also argues the ALJ improperly relied on the vocational expert testimony. The court will not address this issue here, as it was addressed in the first Report and Recommendation which the court declined to adopt.

4

Cir.2005). *See also Mastro v. Apfel*, 270 F.3d 171, 178–79 (4th Cir. 2001) (holding that the ALJ may give little weight to an opinion based largely on a claimant's subjective complaints); *Craig v. Chater*, 76 F .3d 585, 590 (4th Cir.1996) (noting that a medical opinion based on the claimant's subjective reports and unsupported by the opining physician's own notes was unpersuasive). And because Dr. Godenick is not a psychiatrist, the ALJ was entitled to discount her opinion on questions involving more mental rather than physical limitations. 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5) ("we generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist"); *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 115 (6th Cir. 2008) (opinions outside of a medical source's area of expertise should generally be viewed as deserving less weight than the opinions of other sources in the particular area). The court finds that the ALJ's decision regarding the weight given to Dr. Godenick's opinion is supported by substantial evidence.

Plaintiff then contends that the ALJ erred in his treatment of the opinion of Milling, a licensed social worker. The parties agree that the ALJ was correct in stating that a social worker is not an acceptable medical source. However, Plaintiff contends that the ALJ failed to properly evaluate Milling's opinion.

The ALJ's treatment of an other source opinion, such as Milling's, must be specific enough to "allow[ ] a claimant or subsequent reviewer to follow the adjudicator's reasoning."

5

SSR 06-03p.  Here, the ALJ specifically stated that he discounted Milling's opinion because she failed to include any basis for the limitations she found.  (R. 41).  And as Plaintiff recognizes Milling's opinion did not point to any information supporting her opinions. (Objections at 8).  The court finds that the ALJ's decision is specific enough to allow this court to follow his reasoning and, moreover, it is supported by substantial evidence.

As for the ALJ's credibility assessment, Plaintiff contends that the ALJ failed to properly evaluate Acevedo's complaints.  The Fourth Circuit has held that once a plaintiff meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [Plaintiff is] entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that [the] pain is so continuous and/or severe that it prevents [Plaintiff] from working a full  . . . day."  *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

> While objective evidence is not mandatory at the second step of the test, [t]his is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

*Hines,*  453 F.3d at 565 n.3  (4th Cir. 2006)(*citing Craig*, 76 F.3d at 595).

A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility, and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. *See Shivley v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984). In considering the record, the court agrees with the magistrate judge's overall finding that there is substantial evidence to support the ALJ's assessment of Acevedo's credibility. Plaintiff is essentially asking the court to read the evidence differently, which is not the role of this court. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (stating that the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency) (citation omitted).

After a careful review of the record, the Report, and Plaintiff's objections, the court finds that Plaintiff's objections to the Report are without merit. The magistrate judge performed a thorough analysis of the ALJ's decision and the record and correctly recommended that the ALJ's decision should be affirmed. Accordingly, the court adopts the Report, and the Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 6, 2014
Anderson, South Carolina