IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Amanda Acevedo, on behalf of Nilo Richard Acevedo,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Carolyn W. Colvin,[1] Acting Commissioner of Social Security,<br><br>                    Defendant. | Civil Action No. 0:12-2137-TMC<br><br>**ORDER** |

Plaintiff, Amanda Acevedo ("Plaintiff"), brought this action on behalf of the deceased claimant, Nilo Richard Acevedo ("Acevedo"), pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying the decedent's claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA").[2] On March 6, 2014, the court adopted the magistrate judge's report and recommendation and affirmed the decision of the Commissioner denying benefits. (ECF No. 33). This matter is now before the court on Plaintiff's Motion for Reconsideration pursuant to Fed.R.Civ.P. 59(e). (ECF No. 35). The Commissioner has filed a response in opposition (ECF No. 36) and Plaintiff filed a reply (ECF No. 37).

Rule 59(e) provides that a court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (1998). The Fourth Circuit, however, has admonished

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] While the matter was pending before the Appeals Council action, Nilo Acevedo passed away and his adult daughter, Plaintiff Amanda Acevedo, was substituted as the party prosecuting this action.

that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* A "Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided." *DeLong v. Thompson*, 790 F.Supp. 594, 618 (E.D.Va.1991).

The court held that the ALJ did not err in giving little weight to Dr. Godenick's opinion about Acevedo's non-exertional limitations because Dr. Godenick's opinion was outside her area of expertise and not supported by objective evidence. In his motion for reconsideration, Acevedo contends that Dr. Godenick explicitly explained that her opinion was based on a June 2009 MRI showing Plaintiff suffered from a herniated disc and her visual observation of leg atrophy. (Pl.'s Mot. for Reconsideration at 3). Acevedo previously addressed this same issue in his objections and briefs. (Objections at 2-7, ECF No. 30 at 2-7; Pl.'s Brief at 27-31, ECF No. 12 at 27-31, Pl.'s Response Brief at 4-9, ECF No. 14 at 4- 9).

Because a Rule 59(e) motion may not be used to simply relitigate old matters, Acevedo's arguments do not meet the requirements for relief under Rule 59(e). *Hoskins v. Napolitano*, 2012 WL 6136674 *3 (D.Md. 2012) (internal quotation and citation omitted). "[M]ere disagreement does not support a Rule 59(e) motion" on the ground of clear error of law. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2003).

Acevedo has failed to show any intervening change in controlling law, offer any new evidence, or show clear error of law or manifest injustice. Accordingly, Plaintiff Acevedo's Motion for Reconsideration (ECF No. 35) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 1, 2014
Anderson, South Carolina